IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DESIREE CHACON SAENZ, | § § § | |
| *Plaintiff,* | § § | SA-20-CV-00585-ESC |
| vs. | § § § | |
| KILOLO KIJAKAZI, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION;[1] | § § § § § | |
| *Defendant.* | § § | |

# ORDER

This order concerns Plaintiff's request for review of the administrative denial of her application for a period of disability and disability insurance benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 405(g), 1383(c)(3). After considering Plaintiff's Opening Brief [#13], Defendant's Brief in Support of the Commissioner's Decision [#15], the transcript ("Tr.") of the SSA proceedings [#10], the other pleadings on file, the applicable case authority and relevant statutory and regulatory provisions, and the entire record in this matter, the Court concludes that substantial evidence supports the final decision of the Commissioner denying Plaintiff's applications for DIB and SSI. The Commissioner's decision will therefore be **AFFIRMED**.

## I. Jurisdiction

This Court has jurisdiction to review a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The undersigned has authority to enter this Order pursuant to 28

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is hereby substituted for former Commissioner Andrew Saul as the Defendant in this suit.

U.S.C. § 636(c)(1), as all parties have consented to the jurisdiction of a United States Magistrate Judge [#7, #12].

## II.  Legal Standard

In reviewing the denial of benefits, the Court is limited to a determination of whether the Commissioner, through the ALJ's decision,[2] applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence.  *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence and credibility assessments are for the Commissioner, not the court, to resolve.  *Id.*  While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions, and claims of procedural error, are reviewed *de novo*.  *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

In determining if a claimant is disabled, the Commissioner uses a sequential, five-step approach, which considers whether: (1) the claimant is currently engaged in substantial gainful activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work.  *Garcia v. Berryhill*, 880 F.3d 700,

---

[2] In this case, because the Appeals Council declined to review the ALJ's decision, the decision of the ALJ constitutes the final decision of the Commissioner, and the ALJ's factual findings and legal conclusions are imputed to the Commissioner.  *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005); *Harris v. Apfel*, 209 F.3d 413, 414 (5th Cir. 2000).

704 (5th Cir. 2018).  If the claimant gets past the first four stages, then the burden shifts to the Commissioner on the fifth step to prove the claimant's employability.  *Id.*  A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

### III. Factual Background

Plaintiff Desiree Chacon Saenz ("Plaintiff") filed an application for DIB and SSI on December 18, 2017, alleging disability beginning on October 14, 2014.  (Tr. 11, 14.)  At the time of her DIB and SSI applications, Plaintiff was a 33-year-old high school graduate.  (Tr. 11, 21.)  Plaintiff has past relevant work experience as a user system analyst.  (Tr. 21.)  The related medical conditions upon which Plaintiff based her initial DIB and SSI applications include back injury, spinal stenosis, arthritis in lower back, three herniated discs in her neck, two herniated discs in her lower back, posttraumatic stress disorder, major manic depression, anxiety, insomnia, and psychotic nightmares.  (Tr. 316.)  Plaintiff's applications for DIB and SSI were denied initially on July 12, 2018, and again upon reconsideration on October 24, 2018.  (Tr. 11.)

Following the denial of her claim, Plaintiff requested an administrative hearing.  Plaintiff and her then-attorney Brooke Glidden[3] attended the administrative hearing before Administrative Law Judge ("ALJ") Katherine W. Brown on May 6, 2019.  (Tr. 91.)  Plaintiff and vocational expert ("VE") Michael Stinson provided testimony at the hearing.  (*Id*.)

The ALJ issued an unfavorable decision on July 8, 2019.  (Tr. 11–23.)  The ALJ found that Plaintiff met the insured status requirements of the SSA and applied the five-step sequential analysis required by SSA regulations.  At step one of the analysis, the ALJ found that Plaintiff

---

[3] Plaintiff is now represented by Karl E. Osterhout.

3

has not engaged in substantial gainful activity since October 14, 2014. (Tr. 14.) At step two, the ALJ found Plaintiff to have the following severe impairments: degenerative disc disease of cervical and lumbar spine, osteoarthritis mild of the left knee, obesity, major depressive disorder/bipolar disorder, posttraumatic stress disorder, and anxiety disorder. (*Id*.) The ALJ found Plaintiff's medically determinable impairment of obesity to be not severe and found Plaintiff's conditions of anemia, thrombocytosis, vitamin D deficiency, cataracts, and migraines also to be not severe conditions. (*Id*.) Specifically, the ALJ found that after medication, Plaintiff's migraines "reduced in intensity and frequency and were stable." (*Id*.) At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in the applicable Social Security regulations so as to render Plaintiff presumptively disabled. (Tr. 15.)

Before reaching step four of the analysis, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except frequent climbing of ramps or stairs; never climbing ladders, ropes, scaffold; occasional stooping, kneeling, crouching, and crawling; occasional overhead reaching; understanding, remembering, carrying out simple instructions, and making simple decisions; and only occasional changes in the work setting. (Tr. 16.) At step four, the ALJ determined that Plaintiff is incapable of performing her past relevant work as a user support analyst. (Tr. 21.) At step five, the ALJ determined that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id*.) Accordingly, the ALJ determined that Plaintiff is not disabled for purposes of the Act, and therefore is not entitled to receive DIB or SSI. (Tr. 22.)

## IV. Analysis

Plaintiff raises one point of error in this appeal: the ALJ's finding that Plaintiff's migraines resulted in no work-related limitations is contrary to law and not supported by substantial evidence. (Pl. Brief [#13], at 1.) Plaintiff argues that the ALJ erred at step two by failing to find Plaintiff's migraines to be a severe impairment and subsequently erred before step three for failing to account for any migraine-related limitations in her RFC determination. (*Id.* at 6.) The Court disagrees. Because the ALJ's step two and RFC findings are supported by substantial evidence, the ALJ's decision is affirmed.

**A.    The ALJ did not err in her step two determination.**

Substantial evidence supports the ALJ's finding that Plaintiff's migraines are not severe. At step two of the sequential analysis, the ALJ must assess whether a claimant's impairments are severe. "An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Stone v. Heckler*, 751 F.2d 1099, 1101 (5th Cir. 1985). In his decision at step two, the ALJ cited the medical treatment notes of Benjamin Millar, MD, who opined on August 3, 2018, that Topamax 100 mg helped Plaintiff's migraines (Tr. 635); the notes of nurse practitioner Heath Doyle, who opined on October 12, 2018, that Plaintiff's migraines decreased from four to five a month to two to three a month (Tr. 925–26); and the notes of Dr. Millar, who opined on February 28, 2019, that Plaintiff's migraines decreased in frequency to twice a month and as of that date, were less intense than before (Tr. 1057). The ALJ found Plaintiff's migraines to be not severe (Tr. 14), and she did not mention migraines again in her decision.

Plaintiff argues that the ALJ should not have concluded that Plaintiff's migraines were not severe because she is on medication, as the record shows that even with improvement from

the medications Topamax and Fioricet, Plaintiff has potentially work-preclusive migraines twice a month. (Pl. Brief [#13], at 7.)

Where a plaintiff contests the ALJ's severity determination on an impairment at step two, the Court must consider whether substantial evidence exists in the record to support the ALJ's findings. *See Anthony v. Sullivan*, 954 F.2d 289, 296 (5th Cir. 1992).[4]   The Fifth Circuit has held that where a medical condition can reasonably be remedied either by surgery, treatment, or medication, the condition is not disabling. *Lovelace*, 813 F.2d at 59 (5th Cir. 1987).

Here, the ALJ made her decision based on the most recent medical findings in the record that indicated that Plaintiff's migraines drastically reduced in severity and frequency with medication. The record indicates that Plaintiff's migraines were more frequent and severe from September 2017 to August 2018. In February 2018, she reported getting migraines four to five times a week (Tr. 641), and in April 2018, she reported migraines two to three times a week (Tr. 638). More recent records, however, reflect significant improvements. In August and October of 2018, Dr. Millar and Nurse Doyle opined that Plaintiff's migraines were "not intractable," meaning they were not difficult to treat or manage, and in February 2019, Sanjay Kumar, M.D., opined that Plaintiff's migraines were under "good control." (Tr. 636, 752, 926, 1058, 1062.) In March 2019, Plaintiff's migraines were reported as "stable" and occurring two times a month, but with less intensity and shorter duration. (Tr. 1057). So, while the most recent records reflect that Plaintiff has migraines twice a month, the intensity and duration have lessened such that it was reasonable for the ALJ to find that Plaintiff migraines do not interfere with her ability to

---

[4] The Government claims that where an ALJ's analysis proceeds past step two, as it did in this case, any error at step two is not a reversible error. But the Fifth Circuit has clarified that where the ALJ uses an incorrect severity standard at step two, but proceeds in the sequential analysis, any error at step two is subject to harmless error review. *See Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

work. Therefore, the ALJ's finding that Plaintiff's migraines are not a severe condition is supported by substantial evidence.

**B.     The ALJ did not err in her RFC determination.**

Substantial evidence supports the ALJ's RFC assessment, which did not include migraine-induced work absences as one of its limitations. The ALJ determined that Plaintiff has the RFC to perform the full range of light work (with some exceptions). A plaintiff's RFC is the most that he or she can still do despite the limitations caused by his or her impairments, and any related symptoms, such as pain. *See* 20 C.F.R. § 416.945(a)(1). It is the responsibility of the ALJ to interpret the medical evidence to determine the plaintiff's capacity for work. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). However, the ALJ's RFC determination must be supported by substantial evidence in the record. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). On appeal, the Court considers "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). Where there is more of a scintilla of evidence to support the ALJ's decision, there is substantial evidence. *See Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

To that end, the ALJ must consider not only the disabling effects of each of the claimant's ailments, but also the cumulative effect of all of these impairments. *See Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987); *Scott v. Heckler*, 770 F.2d 482, 487 (5th Cir. 1985); *Dellolio v. Heckler*, 705 F.2d 123, 128 (5th Cir. 1983). The ALJ must also evaluate every medical opinion in the record, regardless of its source. *See* 20 C.F.R. § 404.1527(c); *see also Loza*, 219 F.3d at 393 ("[I]t is clear that the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports [the ALJ's] position."). So long as the

ALJ's RFC determination is supported by substantial evidence in the record, it may not be disturbed on appeal. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

Plaintiff contends that the ALJ should have included additional limitations in the final RFC determination related to Plaintiff's migraines. However, as is discussed above, there is substantial evidence in the record to show that Plaintiff migraines are stable, infrequent, and not intractable. Thus, it was not error for the ALJ to not include limitations due to migraines in the RFC as a "reasonable mind" would accept that Plaintiff's migraines are a remediable condition and do not affect her RFC. *See Loza*, 219 F.3d, at 393*; Lovelace*, 813 F.2d at 59; *Hernandez v. Shalala*, 41 F.3d 665, 1994 WL 685062, at *3 (5th Cir. 1994) (per curiam) (unpublished) (concluding that the plaintiff's headaches were controlled through treatment and medication, and thus did not affect her RFC). Further, it is important to note that Plaintiff did not include migraines in her initial DIB and SSI applications. (Tr. 316.)

## V. Conclusion

Based on the foregoing, the Court finds that reversible error was not committed during these proceedings because substantial evidence supports the Commissioner's step two and RFC determination.

**IT IS THEREFORE ORDERED** that the Commissioner's decision finding that Plaintiff is not disabled is **AFFIRMED.**

SIGNED this 30th day of August, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

8